_____

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TREVOR DANIEL TILTON,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 4:21-cr-00061-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

    Based on Defendant's Stipulated Motion to Continue Jury Trial ("Motion")[1] and for good cause appearing, the court makes the following findings:

    1.  Defendant first appeared in this court on June 28, 2021,[2] for an arraignment on the indictment filed in this case. His two-day jury trial was set for September 7, 2021.[3] On August 24, 2021, Defendant's trial was continued to January 11, 2022.[4] On December 29, 2021, Defendant's trial was continued to May 17, 2022.[5]

    2.  Defendant has moved to continue trial for 90 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[6] This is Defendant's third request for continuance of the trial in this matter.

---

[1] Docket no. 28, filed April 29, 2022.

[2] Minute Entry for Proceedings before Magistrate Judge Paul Kohler, docket no. 10, filed June 28, 2021.

[3] *Id*. Due to the ongoing COVID-19 Pandemic, time between April 1, 2021, and January 31, 2022, has been excluded by the District of Utah from the Speedy Trial Act time calculations. D. Ut. General Order 21-15.

[4] Memorandum Decision and Order Granting Motion to Continue Trial and Excluding Time Under the Speedy Trial Act, docket no. 22, filed August 24, 2021.

[5] Memorandum Decision and Order Granting Motion to Continue Trial and Excluding Time Under the Speedy Trial Act, docket no. 25, filed December 29, 2021.

[6] Motion at 4.

3.      The defense asks the Court to continue the trial in light of the factual findings in General Orders 21-003, which were adopted in later General Orders.[7] In these Orders, Chief Judge Shelby notes the restricted access to detained federal clients by both courts and defense counsel, the health risks associated with trial that remain acute, and defense counsel's diminished ability to prepare for criminal trials in light of the pandemic.

6.      Defense also states that defense counsel is still in the process of receiving discovery. Plea negotiations are still ongoing between defense and the government.[8] Furthermore, defense counsel states there is an "issue" in the Pre-Plea Presentence Report which requires additional time to research.

7.      Defendant is in custody and agrees with this continuance.[9]

8.      Government counsel, Angela Reddish-Day, was contacted and does not object to a continuance.[10]

9.      There are no other defendants in this case.[11]

## DISCUSSION

The ends-of-justice approach in the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment."[12] Defendant asserts in the Motion that

---

[7] Motion at 3.

[8] *Id*. at 4.

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] *United States v. Toombs*, 574 F.3d 1262, 1271–72 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989)).

failure to grant a continuance would deny counsel for Defendant time for effective preparation,[13] because defense counsel is still receiving discovery and needs additional time to research an "issue" in the pre-plea agreement.[14] Defendant does not indicate

> the nature of discovery needed,
>
> the issue that has arose in the pre-plea agreement,
>
> the subjects, relevance, and importance of incomplete discovery, or
>
> why defense counsel requires an additional three months to receive discovery and

conduct research in light of the previous continuances, which have totaled close to six months in length.[15]

"Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."[16] The fact that Defendant and not the government requested the motion does not obviate the requirements of the Speedy Trial Act.[17]

Therefore, the motion[18] is DENIED without prejudice.

Dated May 3, 2022.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge

---

[13] Motion at 2.

[14] Motion at 3-4.

[15] See *Toombs*, 574 F.3d at 1271–72.

[16] *Id.*

[17] *Id.* at 1273.

[18] Docket no. 28, filed April 29, 2022.